IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KATHLEEN GARAVAGLIA,** : | |
| **Plaintiff** : | **Civ. No. 1:14-cv-2464** |
| : | |
| v. : | |
| : | **Judge Rambo** |
| **CAROLYN W. COLVIN,** : | |
| **ACTING COMMISSIONER OF** : | |
| **SOCIAL SECURITY,** : | |
| : | **Magistrate Judge Cohn** |
| **Defendant** : | |

# **M E M O R A N D U M**

Before the court is a report and recommendation filed by the magistrate judge in which he recommends that the conclusion by the acting commissioner denying Plaintiff's claim for social security insurance benefits is supported by substantial evidence.

Plaintiff has filed objections to the report and recommendation. Plaintiff argues that by the ALJ determining that the evidence supported that Plaintiff was capable of sedentary work with a sit/stand option to alternate positions between sitting and standing every ten minutes, that this:

> Level of distraction brought on by pain and/or discomfort would likely create significant time off task, upwards of ten (10) percent of a given workday would be spent adjusting positions between sitting and standing, it would be highly probable that an additional five (5) percent off task can be expected precluding her from competitive employment.

(Doc. 19, p. 10 of 12.)

Plaintiff further argues that, "[w]hile the Vocational Expert testified that sit/stand restriction could be performed by the Plaintiff, it was not clear as to how much time off task such an extensive sit/stand restriction would require and whether it may preclude competitive employment." (*Id.* at pp. 10-11 of 12.)

The acting commissioner filed a response to Plaintiff's objections. (Doc. 20.) The response and the magistrate judge note that the 15% figure raised by Plaintiff is speculation and further that Plaintiff never cross-examined the vocational expert with the 15% figure and its effect on the vocational expert's testimony that the sit/stand option is compatible with jobs of surveillance monitor, information clerk/receptionist and telephone solicitor.

The sit/stand option was thoroughly explored with the vocational expert by the ALJ (Tr., pp. 57-58, 6-61) and thoroughly addressed by the magistrate judge (Doc. 17, pp. 16-18). Plaintiff had every opportunity to cross-examine the vocational expert and chose not to do so.

The report and recommendation (Doc. 17) will be adopted.

  s/Sylvia H. Rambo  
United States District Judge

Dated: December 14, 2015